UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH COSTELLO,<br><br>                Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, JR., Governor of the State of California; WILL LIGHTBOURNE, Director of California Department of Social Services; RHONDA SJOSTROM, Human Resources Director of Tulare County Health and Human Services Agency, a political subdivision of the State of California; TULARE COUNTY SUPERIOR COURT; ALICIA ZAYAS; EVANGELINE SIONGCO; KAREN WHITED; MANDI LEWIS; and DOES I through X, inclusive,<br><br>                Defendants. | Case No. 1:15-CV-00252 JAM-SKO<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

    Defendants filed three separate but similar motions to dismiss plaintiff Sarah Costello's ("Costello") complaint. First, defendants Edmund G. Brown, Jr. and Will Lightbourne (collectively "State Defendants") moved to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6) (Doc. #11). Second, defendants Rhonda Sjostrom, Karen Whited, and Alicia Zayas

(collectively "Individual Defendants") moved to dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) (Doc. #12).  Finally, defendant Tulare County Superior Court moved to dismiss pursuant to FRCP 12(b)(6) (Doc. #13).  As discussed below, the Court grants all three of the motions to dismiss.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Between October 2012 and August 2013, several hearings were held to determine whether Costello should maintain jurisdiction over her minor children, R.M. and J.C.  On October 12, 2012, a petition to place R.M. and J.C. into the custody of the Juvenile Dependency Court was filed in Riverside County, California.  Compl. ¶ 15.  The case was then transferred to Tulare County Superior Court for final determination of Costello's parental rights.  Compl. ¶ 16.  The investigation culminated in an August 8, 2013 hearing, held pursuant to California Welfare and Institutions Code ("WIC") section 366.26, at which the Tulare County Superior Court permanently terminated Costello's parental rights.  Compl. ¶18.  The decision was affirmed on appeal by the Fifth Appellate District Court of Appeal.  Sjostrom, Whited, and Zayas's Request for Judicial Notice ("RJN"), Exh. A.  The California Supreme Court denied Costello's petition for review on June 11, 2014. RJN, Exh. B.

Costello subsequently filed this complaint on February 18, 2015 (Doc. #1).  Costello alleges four counts of "Violation of Civil Rights-Denial of Due Process" and one count of "Violation of

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 4, 2015.

Civil Rights." In count one, Costello alleges that all defendants violated her constitutional right to not be separated from her children without due process. Compl. ¶ 27. She also alleges that all defendants intruded upon her privacy in violation of her "due process, liberty and property interests." Compl. ¶ 28. In count two, Costello alleges that all defendants violated her procedural and substantive due process rights by unreasonably and arbitrarily applying WIC section 366 et seq., thereby violating 42 U.S.C. section 1983. Compl. ¶ 31. Costello repeats these allegations in count three, but broadens her claim to allege that WIC section 366, et seq. is facially unconstitutional. Compl. ¶ 33. Count four, which is only against DOES I-VIII, repeats the allegations of counts one through three. Compl. ¶¶ 35-36. Finally, count five alleges that "Tulare County Health and Human Services Agency and DOES IX through X" were deliberately indifferent to the training of its agents and officers and "fed a culture of misconduct." Compl. ¶ 39. Costello requests general and special damages, preliminary and permanent injunctions to prevent termination of her parental rights and reunification services and to bar the implementation of adoption, and a declaration that the WIC is unconstitutional facially and as applied to Costello. Compl. at 16-17.

All of the defendants filed timely motions to dismiss (Doc. ## 11, 12, 13). Costello did not oppose the motions. (See Doc. #35 striking Costello's untimely opposition.)

## II. OPINION

### A. Judicial Notice

Individual Defendants seek judicial notice pursuant to

Federal Rule of Evidence 201 of the following two documents: (1) the opinion in In re J.C. et al, Persons Coming Under the Juvenile Court Law, Tulare County Health and Human Services Agency v. S.C., F068011, Super. Ct. No. JJV066587A, B (RJN, Exh. A), and (2) the California Supreme Court Docket (Register for Actions) for In re J.C., Case No. S218026 (RJN, Exh. B).

A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a motion to dismiss, courts are allowed to consider "matters of public record." Northstar Fin. Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1042 (9th Cir. 2015) (quoting Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)).

The documents submitted by Individual Defendants are in the public record and are not subject to reasonable dispute. As such, the Court takes judicial notice of both documents.

B. Analysis

1. Rooker-Feldman Doctrine

State Defendants, Individual Defendants, and Tulare County Superior Court all argue that the *Rooker-Feldman* doctrine bars the Court from exercising subject matter jurisdiction over Costello's claims. Costello did not respond to this argument.

The *Rooker-Feldman* doctrine bars lower federal courts from reviewing state court judgments. Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). The doctrine applies when the plaintiff "asserts as her injury legal error . . . by the state and seeks as her

remedy relief from the state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). It also applies to issues that are "inextricably intertwined" with a state court judgment. Cooper v. Ramos, 704 F.3d 772, 778-79 (9th Cir. 2012). A "federal claim is inextricably intertwined with the state-court judgment . . . [w]here federal relief can only be predicated upon a conviction that the state court was wrong." Id. at 779 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987). As such, a federal district court must refuse to hear the de facto appeal of a state court judgment, as well as "any issue raised in the suit that is inextricably intertwined with an issue resolved by the state court." Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003). The doctrine applies even when a party raises constitutional challenges to the state court proceeding. Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986); De Rosier v. Longaker, No. 2:11-CV-01617-MCE, 2012 WL 2160965, at *4 (E.D. Cal. June 13, 2012).

    Here, Costello is seeking a de facto appeal of the state court judgment terminating her parental rights. In count one, Costello directly asks the Court to issue an injunction that would essentially overturn the decision by the Tulare County Superior Court to terminate her reunification services and parental rights and to implement adoption services. Compl. ¶ 28. Costello argues that the court denied her due process by holding the final WIC section 366.26 hearing without her present. Compl. ¶¶ 18, 28. Under the factors discussed by Kougasian, this claim for relief is clearly a de facto appeal of the state court's decision. Costello alleges a legal error by the state - the violation of her due process - and Costello is seeking relief from the state court

judgment by requesting permanent injunctions overturning the state court's decisions.

Costello's remaining counts are inextricably intertwined to her de facto appeal. In counts two and three, Costello argues that the state court decisions were arbitrary and unreasonable because they relied upon unconstitutional California law. Compl. ¶¶ 31, 33. Costello seeks damages in counts four and five, arguing that the defendants violated 42 U.S.C. section 1983. Compl. ¶¶ 36, 39. On each of these four counts, the Court could not afford federal relief without ruling that "the state court was wrong." Cooper, 704 F.3d at 779.

As pointed out by Individual Defendants and State Defendants, several cases directly support the Court's conclusion that *Rooker-Feldman* bars the Court from exercising jurisdiction over Costello's complaint. In Sareen v. Sareen, 356 F. App'x 977 (9th Cir. 2009), the Ninth Circuit ruled that the federal district court could not exercise jurisdiction over the plaintiff's claim that a state court child custody proceeding violated his constitutional rights. The court concluded that plaintiff's 42 U.S.C. section 1983 claim was barred under the *Rooker-Feldman* doctrine because it was a "forbidden de facto appeal of a state court decision." Id.

In Thompson v. Santa Cruz Cnty. Human Servs. Dep't, No. 12-CV-03894-LHK, 2013 WL 1750960, at *2 (N.D. Cal. Apr. 23, 2013) plaintiffs alleged that a Juvenile Court judge committed various procedural errors that denied them a fair trial. Plaintiffs also alleged that the county health services agency and the adopting parents engaged in misconduct in connection with the custody proceedings. Id. The Thompson court concluded that the *Rooker-*

*Feldman* doctrine barred it from exercising jurisdiction over all of the claims.  It found that plaintiffs' claim against the Juvenile Court judge was a de facto appeal because plaintiffs were asserting that the judge committed legal errors and were seeking relief from the state court judgment.  Id. at *5-6.  Moreover, the claims against the health agency and the adoptive parents were inextricably intertwined because "the issues raised and conduct alleged in these claims was considered" by the judge.  Id. at *6.

Just as the plaintiffs did in Sareen and Thompson, Costello is attempting to have a federal district court review the final determinations of a state court.  Count one in Costello's complaint is a de facto appeal from a final state court judgment.  And the remaining claims contained in the complaint are at minimum inextricably linked to the de facto appeal.  In such cases, the *Rooker-Feldman* doctrine is clear: federal district courts must refuse to exercise subject matter jurisdiction.

### III.   ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendants' Motions to Dismiss.

IT IS SO ORDERED.

Dated: December 10, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE